[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 30 MAY 1995 DATE OF APPLICATION: 30 MAY 1995 DATE OF APPLICATION FILED: 2 JUNE 1995 DATE OF DECISION: 23 OCTOBER 2001
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven. Docket Number CR94-4057388. CT Page 15941-ce
Brian Carlow, Esq. for the Petitioner.
Robert O'Brien, Esq. for the State of Connecticut.
 BY THE DIVISION
The petitioner was convicted after a trial by jury of Kidnapping 2nd with a Firearm in violation of Conn. Gen. Stat. § 53a-94a (a) and Carrying a Pistol without a Permit in violation of Conn. Gen. Stat. § 29-35 (a). The trial court imposed a sentence of eighteen years suspended after fifteen on the Kidnapping 2nd with a Firearm charge and five years concurrent on the Carrying a Pistol without a Permit charge for a total effective sentence of eighteen years to serve suspended after fifteen with three years probation.
The record shows that on October 4, 1994 the petitioner, Anthony Rice. entered the vehicle of the victim and forced him at gunpoint to drive to several locations in New Haven. At one point, Rice had the victim drive behind the Elks Club where he robbed the victim of $100 and a pager. He also took a gun that the victim had recently purchased for protection against the petitioner. The victim stated he had learned that the petitioner had threatened him, so he made the weapon purchase.
The petitioner exited the vehicle in the Elm Street projects, whereupon the victim went home and, called the police. The police were not able to locate the petitioner that evening. The next day, the victim reported that he was driving in his car and the petitioner tried to flag him down. When he refused to stop, the petitioner shot at him. The petitioner was found hiding at a York Street apartment.
During the hearing counsel noted that the petitioner committed very serious felonies; however, he felt that some consideration should have been given to the fact that the victim here was not a reliable witness. Also, the petitioner's criminal record was not the worst that he had seen, and that the petitioner had family support. Counsel asked for a reduction similar to the offer of the State of eighteen years suspended after twelve years to serve. CT Page 15941-cf
The petitioner when he addressed the panel admitted that the sentence was fair, he publicly thanked his family for their support and said he had found God.
The attorney for the State asked for an affirmation to the sentence imposed. He noted that the victim and the petitioner had a long-standing relationship and contrary to petitioner's counsel's representations the petitioner had serious felony convictions and may have been on escape status at the time of these crimes.
The Division's authority to modify a sentence is limited to those cases where a sentence is inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. (Practice Book § 43-28).
In reviewing the remarks of the sentencing court, we find a thoroughly balanced presentation by the court taking into consideration the petitioner's criminal history, his present acts and his family support.
The sentence is AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J.
Norko, J., Klaczak, J. and Miano, J. participated in this decision.